UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE RICHARDS, | Case No.: 2:25-cv-04692-MEMF-JC |
| Plaintiffs, | **ORDER GRANTING IN PART MOTION TO REMAND [DKT. NO. 17]** |
| v. | |
| MRCOOL LLC et al, | |
| Defendants. | |

Before the Court is Plaintiff's Renewed Motion to Remand Dkt. No. 17 ("Motion"). The Court finds this matter appropriate for resolution without oral argument.  See Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons stated herein, the Court hereby GRANTS IN PART the Motion.

/ / /

/ / /

/ / /

/ / /

1

## I.    Background

### A.    Factual Allegations[1]

Plaintiff Steve Richards purchased Defendant MRCOOL, LLC's heating and air conditioning product, the "MRCOOL E Star DIY 4th Gen 12k BTU Minisplit Heat Pump Complete System 115V/60Hz" (the "Product"), for $1,368.73 (including tax). NOR ¶¶ 4-5. MRCOOL, LLC improperly conditioned receipt of its warranties on enrolling in the "MRCOOL Care Program" and paying a biannual fee of $63.28. *Id.* ¶ 6.

Richards seeks to represent four putative classes of purchasers of Defendant's products over the past four years: (1) a nationwide "tie-in" class; (2) a California "tie-in" class; (3) a California "warranty card" class; and (4) a California "enrollment" class. *Id.* ¶ 8.

### B.    Procedural History

Richards filed suit in suit in Los Angeles County Superior Court on March 14, 2025. *See* Dkt. No. 1-1. Richards brought the following four claims: (1) the Federal Magnuson Moss Warranty Act ("Magnuson-Moss"), 15 U.S.C. §§ 2301 et seq.; (2) California's Song Beverly Consumer Warranty Act ("SBA"), Cal. Civ. Code §§ 1790 et seq.; (3) the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 et seq.; and (4) California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq. *Id.*

On May 23, 2025, MRCOOL, LLC removed the action to this Court. NOR.

Richards filed the instant Motion on June 23, 2025. Motion. MRCOOL, LLC filed its Opposition on July 14, 2025. Dkt. No. 22 ("Opposition"). Richards filed his Reply on July 21, 2025. Dkt. No. 23 ("Reply").

On September 9, 2025, the Court issued an Order for parties to file a "joint supplemental brief not to exceed ten (10) pages total setting forth their respective positions on whether the Court can and should exercise supplemental jurisdiction under 28 U.S.C. 1367 over the portions of the

---

[1] The following factual background is derived from the assertions in MRCOOL, LLC's Notice of Removal ("NOR"). Dkt. No. 1 ("NOR"). The Court notes that the complaint attached to the Notice of Removal, designated as Exhibit A, is improperly formatted, preventing the Court from fully reading the Complaint. Dkt. No. 1-1. The Court makes no finding on the truth of these allegations and includes them only as background.

lawsuit over which it does not otherwise have subject matter jurisdiction." Dkt. No. 25. On September 18, 2025, the parties filed a Joint Supplemental Brief. Dkt. No. 26 ("Supp. Brief").

## II.      **Applicable Law**

### A.  **Class Action Fairness Act**

"Federal courts are courts of limited jurisdiction. They possess only the power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Removal of a state action to federal court is appropriate only if the district court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). Pursuant to the CAFA, federal courts have original jurisdiction over civil class actions in which (1) the aggregate number of members in the proposed class is 100 or more; (2) the amount in controversy exceeds the sum or value of $5 million; and (3) the parties are minimally diverse. 28 U.S.C. §§ 1332(d)(2), (5)(b).

### B.  **Supplemental Jurisdiction**

Where a district court has original jurisdiction, a district court will "have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Section 1367(c) states that district courts may "decline to exercise supplemental jurisdiction under subsection (a) if:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*See* 28 U.S.C. § 1367(c).

### C.  **Magnuson-Moss Warranty Act**

The Magnuson-Moss Warranty Act ("Magnuson-Moss"), 15 U.S.C. §§ 2301 et seq., states "a consumer who is damaged by the failure of a supplier "a consumer who is damaged by the failure of a supplier [or] warrantor . . . to comply with any obligation under this chapter [] or under a written warranty [or] implied warranty" to sue in United States district court. *Kelly v. Fleetwood Enters.,*

*Inc.*, 377 F.3d 1034, 1037-38 (9th Cir. 2004). The amount in controversy ("AIC") must exceed $50,000, exclusive of interest and costs, and computed on the basis of all claims to be determined in the suit. 15 U.S.C. § 2310(d). Personal injury and punitive damages are precluded under the Act. *Id.* And "if the action is brought as a class action," the number of named plaintiffs must be one-hundred or greater. *Id.*

### D. Equitable Jurisdiction

Equitable jurisdiction is "the power to entertain claims and award remedies that are equitable in nature." *Schlesinger v. Councilman*, 420 U.S. 738, 754 (1975). Unlike state courts, federal courts have equitable jurisdiction to grant equitable relief only where a plaintiff has no adequate legal remedy based on the same alleged harm. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 842 (9th Cir. 2020). Therefore, where monetary damages provide an adequate remedy, a federal court may not consider the merits of equitable claims for restitution, disgorgement or injunctive relief. *See Franklin v. Gwinnett Cnty. Pub. Sch.*, 503 U.S. 60, 75–76 (1992).

Equitable jurisdiction is a threshold jurisdictional question, and the plaintiff bears the burden to establish that he lacks an adequate legal remedy before he can obtain equitable relief. *See United States v. Kama*, 394 F.3d 1236, 1237 (9th Cir. 2005); *Sonner*, 971 F.3d at 839, 844. "In order to entertain a request for equitable relief, a district court must have equitable jurisdiction." *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313–14 (9th Cir. 2022) (citations omitted) (emphasis added).

### III. Discussion

The parties do not dispute that the Court has original jurisdiction pursuant to the Class Action Fairness Act ("CAFA"). *See generally* Motion; Opposition; Reply; Supplemental Brief. As such, the dispute centers on: (1) whether the Court should exercise supplemental jurisdiction of the Magnuson-Moss claim, and (2) whether the Court should exercise equitable jurisdiction over Richards's equitable claims.

### A. The Court Lacks Supplemental Jurisdiction Over the Magnuson-Moss Claim.

Richards asserts that pursuant to 15 U.S.C. § 2310(d), the Court cannot exercise supplemental jurisdiction over his Magnuson-Moss claim because he has not named one-hundred plaintiffs. Motion at 4-5; Supplemental Brief at 2-3. MRCOOL, LLC claims that because it has

original jurisdiction under CAFA, the named one hundred plaintiffs requirement is not necessary for the Court to exercise supplemental jurisdiction over the Magnuson-Moss claim. Opposition at 5-6; Supplemental Brief at 5-7, 9.

It is undisputed that the Court has original jurisdiction under CAFA, 28 U.S.C. § 1332(d)(2). *See generally* Motion; Opposition; Reply; Supplemental Brief. Under 15 U.S.C. § 2310(d)(1)(B), "a consumer . . . may bring suit for damages and other legal and equitable relief . . . in an appropriate district court." Thus, Section 2310 provides a separate federal jurisdictional grant under Magnuson-Moss. But Section 2310's language does not make clear whether it bars the Court from exercising supplemental jurisdiction where another jurisdictional basis exists, such as CAFA. *See* 15 U.S.C. § 2310. As such, the Court will turn to binding authority on this issue.

In *Floyd v. American Honda Motor Co.*, 966 F.3d 1027 (9th Cir. 2020), the Ninth Circuit addressed the conflict between Magnuson-Moss and CAFA. *Id.* at 1034. There, the issue centered on whether "CAFA confers jurisdiction over a class-action [Magnuson-Moss] claim even in the absence of at least one hundred named plaintiffs." *Id.* Because the *Floyd* plaintiffs did not name one hundred plaintiffs, they cited CAFA as an "alternative basis on which district courts may exercise federal jurisdiction over [Magnuson-Moss] class actions." *Id.* The Ninth Circuit rejected the plaintiffs' argument, reasoning that "[t]he text is clear that a requirement for a[] [Magnuson-Moss] class action in federal court is at least one hundred named plaintiffs." *Id.* The Ninth Circuit further concluded that Magnuson-Moss "provides for a *distinct claim* to be brought in federal court for certain state-law warranty violations." *Id.* at 1035. Finding that "CAFA does not demonstrate any intent by Congress to repeal or alter parts of [Magnuson-Moss's] jurisdictional requirements, the Ninth Circuit concluded that CAFA cannot be used to override the "clear statutory language establishing the requirements for federal jurisdiction" under Magnuson-Moss. *Id.*

Although *Floyd* did not address supplemental jurisdiction under 28 U.S.C. § 1367, *Floyd* emphasized the force of Magnuson-Moss's jurisdictional requirements. MRCOOL, LLC's attempt to sidestep Magnuson-Moss's jurisdictional requirements through supplemental jurisdiction is equivalent to the *Floyd* plaintiffs. Opposition at 5-6; Supplemental Brief at 5-7, 9. In each case, the party is attempting to override Magnuson-Moss through CAFA. Because the Ninth Circuit has held

that there is no intent by Congress to repeal or alter Magnuson-Moss's jurisdictional requirements, the Court does not find reason to exercise supplemental jurisdiction over Richards's Magnuson-Moss claim on the basis of the Court's original jurisdiction pursuant to CAFA. *Floyd*, 966 F.3d at 1034-35.

Accordingly, the Court remands the Magnuson-Moss claim.[2]

### B. The Court Has Equitable Jurisdiction Over Richards's Equitable Claims.

Richards argues that if the Court finds that MRCOOL, LLC did not properly waive the adequate legal remedy at law issue pursuant to *Ruiz v. Bradford Exchange, Ltd.*, 153 F.4th 907, 915-17 (9th Cir. 2025), then Richards should be given the opportunity to amend the Complaint to allege an inadequate remedy. Supp. Brief at 5. MRCOOL, LLC posits that it properly waived the adequate legal remedy at law issue and thus, the Court retains equitable jurisdiction over Richards's equitable claims. *Id.* at 9-10.

*Sonner* holds that equitable jurisdiction is a threshold jurisdictional question, and the plaintiff bears the burden to establish that he lacks an adequate legal remedy before he can obtain equitable relief. *See* 971 F.3d at 839, 844; *United States v. Kama*, 394 F.3d 1236, 1237 (9th Cir. 2005). In *Ruiz*, the Ninth Circuit found that a defendant "can waive the objection that the plaintiff has an adequate remedy at law" to keep equitable claims in federal court. 153 F.4th at 915-17. There, the Ninth Circuit found that where "a plaintiff files a lawsuit in state court seeking only equitable relief and the case is properly removed to federal court, a defendant can defeat remand on equitable jurisdiction grounds by waiving the adequate-remedy-at-law issue." *Id.* at 918. Although *Ruiz* considered an action with only equitable claims, unlike the instant matter which asserts equitable claims and damages, *Ruiz*'s rationale applies to the instant matter. This is because the basis of *Ruiz*'s waiver holding centered on Supreme Court precedent, finding that equitable jurisdiction is waivable.

---

[2] The Court notes that MRCOOL, LLC requests that the Magnuson-Moss claim be dismissed if the Court finds it lacks supplemental jurisdiction. Opposition at 7. MRCOOL, LLC has not provided binding authority for this proposition. The district court case *Angiano v. Anheuser-Busch InBev Worldwide, Inc.*, 532 F.Supp.3d 911, 921 (C.D. Cal. 2021) involved a plaintiff seeking to adjudicate Magnuson-Moss claim in federal court. Here, Richards, from the initiation of his suit, has sought to litigate the Magnuson-Moss claim in state court. Reply at 2-3. The Court finds no reason why Richards should not be afforded an opportunity to pursue the Magnuson-Moss claim in state court.

*Id.* at 915-16 (first citing *Pusey & Jones Co. v. Hanssen*, 261 U.S. 491, 500 (1923); then citing *Am. Mills Co. v. Am. Sur. Co. of N.Y.*, 260 U.S. 360, 363 (1922)).

Here, Defendant has expressly waived "any adequate-remedy-at-law objection." Per *Ruiz* and as conceded by Richards, this Court concludes it has jurisdiction over Richards's equitable claims. 153 F.4th at 915-17.

### IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART the Motion (Dkt. No. 17) and ORDERS:

1. The Magnuson-Moss Claim (Claim No. 1) is REMANDED to the Los Angeles County Superior Court;

2. The remainder of the causes of action shall remain before this Court;

3. The Court retains jurisdiction as to Richard's equitable claims; and

4. The Court will issue an Order Setting Scheduling Conference forthwith.

IT IS SO ORDERED.

Dated: March 25, 2026

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge